# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| WILLIAM K. COLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:14-CV-26-CDP |
| ) | |
| STATE OF MISSOURI PNP OFFICE, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of William K. Cole (registration no. 1002523) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court will grant the motion and assess plaintiff an initial partial filing fee of $4.29. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in

1

either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its

judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Complaint**

Plaintiff, an inmate at the Jefferson City Correctional Center, seeks monetary relief in this 42 U.S.C. § 1983 action against defendants State of Missouri PNP Office, Vandalia Police Department, CI Ammie, Vandalia U.S. Cellular Records Office, Missouri PNP Work, Charles Stevenson (plaintiff's parole officer), Unknown Mickal (a Vandalia police officer), Unknown King (a Vandalia police officer), and City of Vandalia.

Liberally construing the complaint, plaintiff is alleging that he received ineffective assistance of counsel[1] in relation to a state-court criminal case in which he was accused of stalking and making death-threatening telephone calls to a woman named "A. Norvell." More specifically, plaintiff alleges that his attorney was biased and prejudiced, allowed excessive bail, and took advantage of plaintiff's

---

[1] Plaintiff does not identify the name of the attorney who allegedly rendered ineffective assistance.

inability to comprehend "the ramifications of pleading to the stigmatization of a stalker [and] instead abused [his] disability by not defending [him] through proper investigations." Plaintiff alleges that his "plea of guilty was involuntary as a result of plea counsel's strategy to induce the same." In addition, plaintiff summarily alleges that the Vandalia Police Department and U.S. Cellular Records Office "lie[d] on [him]."

## Discussion

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant's alleged conduct deprived the plaintiff of a constitutionally-protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). In the instant case, plaintiff has failed to allege that any of the named defendants personally participated in the violation of his constitutional rights. *See Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (liability under § 1983 arises only upon a showing of personal participation by defendant); *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (§ 1983 claimant must allege facts supporting individual defendant's personal involvement or responsibility for unconstitutional action); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails

to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Because plaintiff has not set forth any facts indicating that the defendants in this action were directly involved in or personally responsible for the violation of his constitutional rights, the Court will dismiss this action as legally frivolous.

As additional grounds for dismissing this action, the Court notes that attorneys, whether appointed or retained, who represent a plaintiff in a criminal proceeding do not act under color of state law and are not subject to suit under § 1983. *See Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992); *see also Polk County v. Dodson*, 454 U.S. 312 (1981) (actions of public defender performing traditional functions of attorney do not constitute action under color of state law); *Harkins v. Eldredge*, 505 F.2d 802, 803 (8th Cir. 1974) (conduct of counsel, either retained or appointed, in representing client does not constitute action under color of state law).

In addition, police departments, such as the Vandalia Police Department, are not suable entities under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992); *see also De La Garza v. Kandiyohi Cnty. Jail*, 2001 WL 987542, at *1 (8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983).

Last, although a municipality, such as the City of Vandalia, is not entitled to absolute immunity in § 1983 actions, it cannot be held liable under a respondeat

superior theory. *See Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Municipal liability cannot be imposed absent an allegation that unlawful actions were taken pursuant to a municipality's policy or custom. *Id*. at 694. For these reasons, the Court will dismiss this action pursuant to § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $4.29 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the allegations are legally frivolous and fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 16th day of April, 2014.

*Catherine D. Perry*
**UNITED STATES DISTRICT JUDGE**